UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

WILLIAM FORDHAM, III,

    Plaintiff,

v.                                                                                  CASE NUMBER:
                                                               HON:

CITY OF DETROIT, RAMIZ ATTO,
and PHILIP TILLISON, in their individual
and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1.    Plaintiff is currently a resident of the City of Detroit, County of Wayne, State of Michigan.

1

2. Defendant City of Detroit is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. At all relevant times regarding the incident complained of herein, Defendant Ramiz Atto was a police officer with the City of Detroit Police Department; and at all times mentioned herein was acting under color of law, in his individual and official capacity, and within the course and scope of his employment.

4. At all relevant times regarding the incident complained of herein, Defendant Phillip Tillison was a police officer with the City of Detroit Police Department; and at all times mentioned herein was acting under color of law, in his individual and official capacity, and within the course and scope of his employment.

5. All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

6. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment and/or Fourteenth Amendment; and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §§ 1983 and 1988.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

8.  Venue is proper in this District under 28 U.S.C. Sections 1391(b) and 1393(a); as one or more of the Defendants reside in and/or are incorporated in this District; and the claims asserted herein arose in this District.

9.  That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, or costs.

## **FACTS**

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. On or about November 6, 2019, Plaintiff called the Detroit Police because Plaintiff and his mother were having a disagreement.

12. Defendants Atto and Tillison arrived at the home and Plaintiff let Defendants in.

13. After Defendants Atto and Tillison came inside the home, Plaintiff explained to them about his recent eye operation; and even showed Defendants a wristband he had been given by his doctor alerting people to his recent surgery where Plaintiff had a gas bubble in his eye.

14. During this encounter, Defendants Atto and Tillison threw Plaintiff against the wall head first; causing Plaintiff's face and injured eye to forcefully hit the wall.

15. Without being able to see, and not having medications for his eye, Defendants Atto and Tillison then took Plaintiff to a police squad car and Plaintiff was transported to the Detroit Detention Center; but was later released.

16. As a result of Defendants' unlawful actions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—EXCESSIVE FORCE

17. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

18. At all relevant times, Defendants Atto and Tillison were acting under color of law, within the course and scope of their employment, and in their individual and official capacities.

19. Defendants Atto and Tillison violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the amendments thereto; including but not limited to the constitutional right to be free from excessive/unreasonable force.

20. That the actions of Defendants Atto and Tillison were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution; which proximately resulted in significant injuries and damages to Plaintiff.

21. Defendants Atto and Tillison are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive/unreasonable force.

22. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants Atto and Tillison, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983; together with costs, interest, and attorney fees as set forth in 42 U.S.C. §§ 1983 and 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## CITY OF DETROIT'S CONSTITUTIONAL VIOLATIONS

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. Defendant City of Detroit acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

25. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a.    Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b.    Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c.    Failing to adequately train and/or supervise police officers in the appropriate use of force;

    d.    Failing to supervise, review, and/or discipline police officers whom Defendant City of Detroit knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

    e.    Failing to adequately train and/or supervise its police officers in the proper policies and procedures for effectuating an arrest without the use of excessive force; and

    f.    Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens.

26.    Defendant City of Detroit's conduct was so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted.

27.    Defendant City of Detroit's deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

28. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

BY:  **/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  December 16, 2020
SCC/

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

WILLIAM FORDHAM, III,

    Plaintiff,

v.                                         CASE NUMBER:
                                              HON:

CITY OF DETROIT, RAMIZ ATTO,
and PHILIP TILLISON, in their individual
and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/


**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for a Trial by Jury in the above-captioned matter.

        Respectfully Submitted,

        CHRISTOPHER TRAINOR & ASSOCIATES

        BY: **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        KRYSTINA R. DOSS (P77365)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated: December 16, 2020
SCC/